IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CASE NO. DNCW3:10CR254 |
| ) | (Financial Litigation Unit) |
| ROY E. SCARBORO, ) | |
| ) | |
| and ) | |
| ) | |
| LUCINO LIMITED, ) | |
| Garnishee. ) | |

ORDER OF CONTINUING GARNISHMENT

Judgment in the above captioned matter was entered on July 11, 2011 (Docket No. 19) in favor of the United States against Defendant for recovery of the judgment amount of $682,963.62. The U.S. Clerk of Court total balance due as of November 22, 2011 is $601,598.84. The United States sought to garnish Defendant's wages. On November 22, 2011, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 23) to Garnishee, Lucino Limited ("Garnishee"). The United States is entitled to a wage garnishment of 100% of Defendant's 1099 payments, and has satisfied the prerequisites set forth in 15 U.S.C. § 1673.

Garnishee filed an Answer on November 30, 2011 (Docket No. 26) stating that at the time of the service of the Writ, Garnishee anticipated owing Defendant approximately $1,512.00 every forty-five to fifty days in the future.

Defendant filed a Claim for Exemption of Property and Request for Hearing on December 5, 2011 (Docket No. 27). The United States filed a Response to Claim for Exemption of Property and Request for Hearing on December 6, 2011 (Docket No. 28). The provisions of 28 U.S.C. § 3202(d)

**limit garnishment hearings** to claims regarding exemptions, compliance with statutory requirements for the relief requested, and inquiry into the validity of the underlying debt where judgment was entered by default. Defendant has claimed exemptions, however, **wages do not fall within any of the ten categories of allowable exemptions.** Defendant raises no issues regarding the United States' compliance with statutory requirements or the validity of the underlying debt. Furthermore, it appears from the pleadings in this matter and the filings by the parties to date that the debt is valid, the Government has fulfilled the statutory requirements for the issuance of the Writ of Garnishment, and that there is no valid claim of exemption in this matter. The only basis cited by Defendant in his request for hearing is one of financial hardship. Financial hardship is not a valid basis for a request for hearing in a garnishment matter.

IT IS THEREFORE ORDERED that Defendant's request for a hearing is DENIED. Furthermore, an Order of Continuing Garnishment is hereby ENTERED in the amount of **$601,598.84, computed through November 22,** 2011. Garnishee will pay the United States 100% of Defendant's 1099 payments, and Garnishee will continue said payments until the debt to Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, NC 28202. In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:10CR254.

The United States will submit this debt to the Treasury for inclusion in the Treasury Offset

Program. Under this program, any federal payment the Defendant would normally receive may be offset and applied to this debt.

**SO ORDERED**.    Signed: December 7, 2011

David S. Cayer
United States Magistrate Judge